# Wytheville.

## WILLIAM WONZER v. COMMONWEALTH.

### June 11, 1925.

Argued before Judge Chichester took his seat.

INTOXICATING LIQUORS—*Evidence Insufficient to Sustain Conviction.*—In the instant case, a prosecution for the unlawful possession and transportation of ardent spirits, the prosecution failed to identify the accused as a guilty agent, failed to overcome the presumption of his innocence, failed to discredit any of his statements, and the facts relied on to support the verdict are consistent with his innocence, and at most raise a bare suspicion of guilt. This being so, the trial court erred in refusing to set aside the verdict and grant a new trial.

Error to a judgment of the Corporation Court of the city of Alexandria.

*Reversed.*

The opinion states the case.

*A. H. Collins,* for the plaintiff in error.

*Attorney-General John R. Saunders, Assistant Attorney-General Leon M. Bazile* and *Assistant Attorney-General Lewis H. Machen,* for the Commonwealth.

PRENTIS, P., delivered the opinion of the court.

The accused complains here of his conviction under an indictment which charged him with the unlawful possession and transportation of ardent spirits, and with aiding and abetting such transportation.

22

The single assignment of error is that the evidence is insufficient to support the verdict and judgment.

Three officers were introduced as witnesses by the Commonwealth. Two of them testified in substance that their attention was attracted by a brilliant light on an automobile on Pitt street as they were turning from Princess into Pitt street to go south, and that they then turned their car north and went north on Pitt street about 150 or 200 feet to the car which had so attracted their attention; that they saw no one there but found six gallons of corn whiskey on the street about a foot or eighteen inches from the car. The other officer testified that he saw three men taking the whiskey which they found there from the car but was unable to identify either of them; that he took the car and the whiskey to the station house and the next morning the defendant came to the station house and asked him what the car was being held for; that when he inquired as to his knowledge about the car and who was driving it the defendant said that he was driving it. The arrest followed.

The accused testified that he operated a little business, selling soft drinks, pies, cigarettes and sandwiches in the city of Alexandria and that he also worked for C. W. Arnold, an undertaker, whenever he got a funeral, assisting in preparing the body and driving the hearse. He said that he knew nothing at all about the whiskey found near the car on Pitt street on the night of the 24th of September, and that the Hupmobile car taken by the officers on the night of September 24, 1924, belonged to James Dinkings, who conducts a restaurant across the street from his place. Dinkings had given him permission to use the car whenever he wanted to and that on this particular night he, Wonzer, leaving his brother in charge of his business, took the car from the side of

James Dinkings' place and drove to King street and bought a supply of cigarettes to tide him over until Monday, he having a large demand for cigars and cigarettes at his place of business on Sundays.   After purchasing the cigarettes, he drove by the movies, stopped and talked a while and then went on passed Mr. Arnold's place and got his money.   He then drove around on Pitt street and stopped his car across the street in front of his mother's home which was on the east side of Pitt street; that he got out of the car, leaving his lights burning dimly, and went into his mother's house, gave her some money and came out on the street, and just as he came out, he met a girl he knew and he walked with her home around on Oronoco street, near Royal street, and that he talked with her about fifteen or twenty minutes, and that he then left the girl and went back to Pitt street and when he got back the car was gone. Thinking that James Dinkings had taken the car as he had done on other times, he started to his place of business and on his way he met a man by the name of Mason who asked him to come and go to Washington with him; that he got into the car with Mason and went on to Washington and when they returned to Alexandria it was very late.   The next morning a man named Baker told him that the officers on the night before had arrested a car on Pitt street and had carried it to the police station.   On receiving this information he, Wonzer, went to the police station and asked Captain Durrer what was the Hupmobile car being held for, and that Captain Durrer asked him what did he know about the car and who was driving it; that he told Captain Durrer that he drove it around on Pitt street, and that he was then locked up.   The defendant testified that he was alone in the car the entire time and was alone when he stopped the car on Pitt street and went into his moth-

er's house and that there was no whiskey in the car when he left it and that he knew nothing about the whiskey found near the car.

The girl referred to by him confirmed his statements as to their meeting, conversation, location of the car, and walk to her home on Oronoco street.

This was all the testimony.

According to this evidence, and every fair conclusion which may be drawn therefrom, it is insufficient to support the verdict.

The prosecution failed to identify the accused as a guilty agent; failed to overcome the presumption of his innocence; failed to discredit any of his statements, and the facts relied on to support the verdict are consistent with his innocence, and at most raise a bare suspicion of guilt. This being so, the trial court erred in refusing to set aside the verdict and grant a new trial. This court will, therefore, do so.

*Reversed.*